Norman J. Younker (A3682)
norm@yhmlaw.com
Ashton J. Hyde (A13248)
ashton@yhmlaw.com
John M. Macfarlane (A14996)
john@yhmlaw.com
YOUNKER HYDE MACFARLANE, PLLC
Attorneys for Plaintiff
257 East 200 South, Suite 1080
Salt Lake City, UT  84111
Telephone: (801) 335-6467
Facsimile: (801) 335-6478

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SHARON NORTON, individually and on behalf of the heirs and estate of JOHN DALE NORTON,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF VETERAN AFFAIRS; UTAH DEPARTMENT OF VETERAN AFFAIRS; SALT LAKE CITY DEPARTMENT OF VETERAN AFFAIRS; GEORGE E. WAHLEN DEPARTMENT OF VETERAN AFFAIRS MEDICAL CENTER; TIAN YI ZHANG, M.D.; JASON ALLEN, M.D.; CINDI LEECH, M.D.; KENCEE GRAVES, M.D.; JILL M. KOEVEN, RN; and DOE INDIVIDUALS 1 through 10; and ROE ENTITIES 1 through 10, inclusive.<br><br>　　　　　　Defendants. | **COMPLAINT**<br><br>Case No. 2:16-cv-01186-BCW<br><br>Judge Brooke C. Wells |

Sharon Norton, individually and on behalf of the heirs and estate of John Dale Norton

("Plaintiff") by and through her attorney, Norman J. Younker, and the law offices of Younker

Hyde Macfarlane, allege and complain as follows:

**IDENTIFICATION OF PARTIES**

1. Plaintiff Sharon Norton is the surviving wife of John Dale Norton, who died on May 2, 2014. Mr. and Ms. Norton were residents of Salt Lake County, State of Utah at the time of his death.

2. Defendant United States of America owns and operates Defendant United States Department of Veteran Affairs, Defendant Utah Department of Veteran affairs, George E Wahlen Department of Veterans Affairs Medical Center, and Defendant Salt Lake City Department of Veteran Affairs. Defendants, acting by and through their agents and employees, at all times mentioned herein, are agencies, branches, or departments of the United States Government and provide medical care and treatment to veterans such as Mr. Norton.

3. Defendants Tian Yi Zhang, M.D., Jason Allen, M.D., Cindi Leech, M.D., Kencee Graves, M.D., and Jill M. Koeven, RN were at all times relevant to this complaint, physicians, and medical care providers at the VA Hospital. They each provided care and treatment to Mr. Norton at the time of his admission to the VA Hospital.

4. Defendant Doe Individuals 1 through 10 and Roe Entities 1 through 10 are set forth herein as all unknown persons or business entities currently unknown to Plaintiff who have a claim to any interest in the subject matter of this action, whose true name(s) is (are) unknown to Plaintiff, and who are believed to be responsible for the events and happenings referred to in this Complaint, causing injuries and damages to Plaintiff, or who are otherwise interested in the subject matter of this Complaint.  At such time when the names of said Doe Individuals and Roe Entities have been ascertained, Plaintiff will request leave from the court to insert their true

names and capacities and adjoin them in this action so that the Complaint will be amended to include the appropriate names of said Doe Individuals and Roe Entities.

## JURISDICTION AND VENUE

5. All of the events alleged in this complaint took place in the State of Utah.

6. All conditions precedent to the right to bring and maintain this action, including exhaustion of available administrative remedies, have been performed or have occurred as required by 42 U.S.C. § 1997e(a) and Utah Code Ann. §78B-3-401, et seq.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1343(3) and 1331, as well as 28 U.S.C. § 1346(b)(1) and the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., (hereinafter "FTCA") which provides that a tort claim which has been administratively denied may be submitted to a federal district court for judicial consideration.

8. Jurisdiction and Venue are proper pursuant to 28 U.S.C. § 1391(b)(2), 1331 and 1346(b) as a claim against the United States pursuant to the FTCA, in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## GENERAL ALLEGATIONS

9. John Dale Norton ("Mr. Norton") was an established patient at the anti-coagulation Clinic of the Veterans Administration Medical Center in Salt Lake City, Utah. On or about April 30, 2014, Mr. Norton called the Veterans Administration Medical Center ("VA Hospital") complaining of a 6 day history fever of up to 102.4 as well as fatigue. Mr. Norton's wife called requesting an appointment and was told that May 2, 2014 was the first available appointment.

10. On May 2, 2014, Mr. Norton presented to the VA Hospital urgent care center complaining of a history of fevers for over a week. Mr. Norton and his wife reported that his fevers first started on April 24, 2014 and had been occurring nearly every day, with temperatures up to 102.5. Mr. Norton was also noted to have chills and diaphoresis, night sweats, vomiting, shortness of breath, and a productive cough with white sputum. He denied typical chest pain but did report pleuritic pain with deep breathing as well as abdominal pain associated with his cough.

11. Upon examination, Mr. Norton was noted to have crackles in his left lower lobe and oxygen saturation levels of 91%. Mr. Norton was treated by agents and employees of the Defendant. Jason Allen, M.D. ("Dr. Allen) and Kencee Graves, M.D. ("Dr. Graves") noted their concerns for persistent fever of unknown origin. Their differential diagnosis included pneumonia as a potential cause of Mr. Norton's symptoms. Dr. Graves and Dr. Allen ordered a chest x-ray, a CBC, blood cultures, INR testing. After his blood was drawn and his x-ray was taken, Mr. Norton was sent home and told that he would be contacted with the testing results.

12. While leaving the parking lot, Mr. Norton was called by the anticoagulation clinic where his INR was noted to be greater than 13.9. The notes from the phone call state that he had not been feeling well with fevers over the past week despite taking Tylenol and vomiting the prior day. Mr. Norton had also reported that his diet had decreased. Mr. Norton was told to come back to the hospital to eat some greens. After being unable to eat, Mr. Norton was sent to the pharmacy for a vitamin K prescription. Mr. Norton was told to hold his warfarin until Tuesday and come back in two days for an INR re-check.

13. Ms. Norton took her husband home and helped him into bed. Within an hour or so she went to check on Mr. Norton and found him unresponsive. Paramedics were called and

resuscitation efforts in the ambulance and at Alta View Hospital failed to revive Mr. Norton. Mr. Norton died from untreated pneumonia. The next morning Ms. Norton received a call from the VA Hospital to inform her that Mr. Norton likely had pneumonia.

## FIRST CAUSE OF ACTION

### (Medical Malpractice, Wrongful Death)

14. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 13 as though fully set forth herein.

15. Defendants had a duty to provide reasonable, necessary, appropriate and timely care and t treatment to Mr. Norton.

16. As of this time, Plaintiff complains and alleges that the care and treatment provided to Mr. Norton by Defendants was wrongful, careless and negligent. Defendants breached their duty to provided treatment within the standard of care, including, but not limited to, the following particulars:

    A. Failure to provide adequate and appropriate care and treatment for respiratory complaints suggestive of pneumonia;

    B. Failure to timely recognize, diagnose, and treat signs and symptoms of pneumonia and other processes;

    C. Failure to timely and appropriately communicate and coordinate care between providers on May 2, 2014;

    D. Failure to perform timely and adequate examination and testing; and

    E. Failure to timely and appropriately treat symptoms of pneumonia.

17. As a direct and proximate result of the foregoing wrongful, careless and negligent

acts and/or omissions of Respondents, Mr. Norton died and Plaintiff has suffered significant economic and non-economic damages including, but not limited to: past medical expenses, funeral and burial expenses, lost wage and lost wage-earning capacity, physical, mental and emotional pain and suffering, out of pocket costs, and the loss of the care, comfort society, consortium of Mr. Norton.

## SECOND CAUSE OF ACTION

**(Loss of Consortium—Sharon Norton)**

18. Plaintiff incorporates by this reference the allegations of paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff Sharon Norton was legally married to the decedent John Norton at the time of his death.

20. As a direct and proximate result of Mr. Norton's death, Sharon Norton has suffered the loss of love, care, comfort, society, companionship, financial, physical, and emotional assistance and support of her husband.

21. Plaintiff Sharon Norton has a staturory claim for loss of consortium pursuant to Utah Code Ann. § 30-2-11 and should be awarded damages to be proven at trial.

## THIRD CAUSE OF ACTION

**(Respondeat Superior—United States of America George Wahlen Veterans Hospital)**

22. Plaintiff incorporates by this reference the allegations of paragraphs 1 though 21 as though fully set forth herein.

23. The acts of negligence and medical malpractice alleged in this Complaint were committed by physicians or other health care providers who were and/or are agents, contractors

and/or employees of the United States of America and the George Walen Veterans Administration Hospital.  Therefore, their acts of negligence and medical malpractice are directly attributable to the United States of America and other Defendants named in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be proven at trial together with pre and post judgment interest and costs as follows:

1. Judgment in favor of Plaintiff and against Defendants for general damages in an amount to be proved at trial;

2. Judgment in favor of Plaintiff and against Defendants for special damages in an amount to be proved at trial including interest; and

3. Plaintiff's costs incurred herein together with such other and further relief as the Court may deem appropriate under the circumstances.

DATED this 21st day of November, 2016.

/s/ Norman J. Younker
Norman J. Younker
Ashton J. Hyde
John M. Macfarlane
YOUNKER HYDE MACFARLANE
Attorneys for Plaintiff